IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID SOUTH and<br>KELLY SOUTH,<br><br>          Plaintiffs,<br><br>v.<br><br>SMITH & NEPHEW, INC.<br>and JOHN DOE #1-5,<br><br>          Defendants. | Civil Case No. 3:21-cv-00172<br><br>Hon. Walter H. Rice<br><br>STIPULATED<br>PROTECTIvE ORDER |

WHEREAS, the parties to the above-captioned action ("Action") are engaged in discovery proceedings which include, among other things, producing documents;

WHEREAS, the discovery proceedings involve the production of certain information that the parties to the Action (the "Parties," each a "Party") believe in good faith to be sensitive commercial, financial, business, or personal information; and

WHEREAS, counsel for the Parties have given their consent to these terms and have agreed to request that the following protective order be entered.

Thus, good cause appearing and pursuant to Rule 26 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. This Proposed Stipulated Protective Order ("Protective Order") shall govern any and all documents, answers to interrogatories, responses to requests for admission, and all other discovery ("Discovery Material") taken in the Action pursuant to the Federal Rules of Civil Procedure, to the extent such Discovery Material is designated as "CONFIDENTIAL" in accordance with this Protective Order.

2. As used in this Protective Order, the term "CONFIDENTIAL" shall mean sensitive proprietary commercial information, including financial, business or marketing plans, trade secrets, proprietary business information, nonpublic research and development information, or personal information of a sensitive nature ("Confidential Information") that the designating Party or counsel for the designating Party believes in good faith is subject to protection under Rule 26(c)(1)(G) or other applicable law.

3. Any Party (and any non-party who agrees to personal jurisdiction in this Court for purposes of enforcing this Protective Order) may designate as "CONFIDENTIAL" any Discovery Material it produces that it believes, in good faith, contains Confidential Information. Publicly issued or disseminated documents may not be designated "CONFIDENTIAL." Only documents containing Confidential Information shall be so designated.

4. Any Discovery Material that has been designated as "CONFIDENTIAL" pursuant to this Protective Order shall be marked pursuant to Paragraph 9 herein, shall be disclosed only to "Qualified Persons" (as defined below in Paragraph 5), and shall be used only in connection with the Action.

5. "Qualified Persons" shall be limited to the following:

    a. The named Parties to the Action, Defendants' parent corporations or other subsidiaries of Defendants' parent corporations, their respective current, past, or future employees and agents, and counsel representing the Parties in the Action (including members of such counsel's staff, such as paralegals, secretaries, independent contractors, and law clerks, to whom it is reasonably necessary that the material be shown for purposes of the Action);

    b. The Court and its personnel;

c. Experts and consultants retained or considered for retention in this Action (including persons directly employed by such experts or consultants) and any person other than those set forth in subsection 5.a. above expected to testify at trial or at a deposition to the extent that the Discovery Material relates to his/her proposed testimony and provided that such person executes the Agreement to Maintain Confidentiality (which is attached hereto as Exhibit 1);

d. Any court reporter or typist rendering services for recording or transcribing of testimony in the Action, any outside independent reproduction firm, any technical or technology services firm, independent exhibit makers, independent translators, and other independent litigation support services retained by counsel for purposes of the Action; and

e. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting.

6. Counsel making disclosures to Qualified Persons who have executed an Agreement to Maintain Confidentiality in the form of Exhibit 1 attached hereto shall retain all executed Agreements to Maintain Confidentiality during the pendency of the Action.

7. Discovery Material marked "CONFIDENTIAL" shall be used solely for the purposes of the Action and for no other purpose without the prior written consent of the producing Party. All persons receiving or given access to "CONFIDENTIAL" Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof. Disclosure of "CONFIDENTIAL" Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

3

8.  Nothing contained in this Protective Order shall abrogate any legal obligation of any Party to disclose any document or information as required by law or court order. However, before a Party shall disclose any Discovery Material marked "CONFIDENTIAL" pursuant to any demand or request for production of documents or any subpoena, the Party, when permitted by law, shall give written notice of the request or subpoena or demand (including the delivery of a copy thereof) to the attorneys for the producing Party at least ten (10) days prior to the time when production of the information is required.

9.  "CONFIDENTIAL" Discovery Material, if in writing, shall have the following language or similar legend stamped on the face of the writing:

**CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER**

Such stamping or marking will take place prior to production by the producing Party, or subsequent to selection by the receiving Party for copying but prior to the actual copying if done expeditiously. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter in the Discovery Material.

10.  Any party may designate testimony, including transcripts and/or portions of transcripts of such testimony (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the testimony; or (ii) by written notice, sent to all Parties within 30 business days after receipt of the written transcript of the testimony; provided that only those portions of the transcript designated as CONFIDENTIAL shall be deemed Confidential Information. Until the expiration of such thirty (30) day period, all testimony given shall be treated as if "CONFIDENTIAL" under the Protective Order, after which only the portions specifically designated "CONFIDENTIAL" pursuant to the first sentence of this paragraph shall be so treated.

11. Interrogatory answers or other responses to written discovery and information contained therein shall be designated as "CONFIDENTIAL" by means of a statement at the conclusion of each answer specifying the information that is confidential is contained therein or by another method that clearly indicates which portions of the answer or information are considered protected, and by placing the legend referenced in Paragraph 9 above on the front of any set of interrogatory answers containing such information.

12. A producing Party that inadvertently fails to designate its Discovery Material as "CONFIDENTIAL" may so designate the Discovery Material by fully complying with the following: within ten (10) days after the producing Party discovers that it inadvertently produced the Discovery Material without designating it as "CONFIDENTIAL" pursuant to this Protective Order, the producing Party may designate the Discovery Material as Protected by sending a written notice explaining why the producing Party considers the Discovery Material to be "CONFIDENTIAL," along with replacement copies of such Discovery Material bearing the "CONFIDENTIAL" designation, to all Parties to whom such Discovery Material was produced. Upon receipt of such written notice and replacement copies, and from that time forward, the provisions of this Protective Order shall apply to the newly designated Discovery Material. Such designation may be challenged in accordance with Paragraph 14 herein, but the inadvertent production without confidentiality designation shall not constitute a waiver of any claim of confidentiality. After receipt of a written notice and replacement copies in accordance with this provision, the receiving Party shall make reasonable efforts to retrieve copies of the Discovery Material from any non-Qualified Person to whom it was previously disseminated, and shall make reasonable attempts to destroy or return all copies of the original documents that were inadvertently not designated as "CONFIDENTIAL."

13. Inadvertent production of any information that a producing Party later claims in good faith should not have been produced because of immunity, privilege, or other legal protection, including, but not limited to, the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Material"), will not be deemed to have waived any privilege or other legal protection. A producing Party may request the return of any Inadvertently Produced Privileged Material. A request for the return of Inadvertently Produced Privileged Material shall identify the privileged material inadvertently produced and the basis for withholding it from production. If a producing Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material, such Inadvertently Produced Privileged Material and all copies thereof shall be returned to the producing Party within twenty (20) days unless the Party that received the Inadvertently Produced Privileged Material gives notice to the producing Party within that time that it declines to return such materials because of a legal obligation to keep them and/or disagreement with the producing Party's claim of immunity, privilege, or other legal protection. In such event, the producing Party may, within fourteen (14) days of receipt of the notice described in the preceding sentence, serve a motion calling for the return of the Inadvertently Produced Privileged Material. The producing Party shall bear the burden of establishing grounds for the return of the Inadvertently Produced Privileged Material that it seeks. The Inadvertently Produced Privileged Material shall not be used by the receiving Party for any purpose until the Court resolves the Motion, except in connection with such Motion; provided, however, that the Inadvertently Produced Privileged Material and any writings revealing the contents of that material not otherwise redacted must be filed under seal.

14. Nothing in this Protective Order shall be construed in any way as a finding that information designated as "Confidential" actually constitutes Confidential Information. At any

time during the Action, any Party to the Action may challenge the designation of such material as "CONFIDENTIAL" by written notice to the Party that produced such material. Within twenty (20) days of such a challenge, the Party that produced such material shall respond in writing either stating the basis under which the material should be treated as "Protected," or agreeing to remove the designation.

After the written basis is provided to the challenging Party, the Parties shall meet and confer in an attempt to resolve any such disagreements. For any disagreement that cannot be resolved, the producing Party must move the Court for enforcement of this Protective Order within ten (10) days after the challenging Party gives written notice that the dispute has not been resolved and that it continues to challenge the designation of the material as "CONFIDENTIAL," or such other time period as the Parties may agree. On such a motion, the producing Party shall have the burden of demonstrating the confidential nature of Discovery Material designated "CONFIDENTIAL." The material(s) at issue shall continue to be treated in the manner as designated by the producing Party until the Court orders otherwise.

15. This Protective Order shall not prevent any persons bound by it from making use of information or documents without the restrictions of the Protective Order if the information or documents are lawfully in their possession by means other than through production as "CONFIDENTIAL" through this Action, except for information or documents that a person bound by this Protective Order obtains knowing that the information or documents were made available in violation of this Protective Order.

16. To the extent that any Party files Discovery Materials marked "CONFIDENTIAL" with the Court, or files any pleading, motion, or other paper with the Court containing or disclosing

any such "CONFIDENTIAL" material, the Party shall either redact those portions containing Confidential Information or file an accompanying motion to seal the Confidential Information.

17. Nothing in this Protective Order shall prevent or restrict any Party in any way from inspecting, reviewing, copying, transmitting, using, or disclosing any Discovery Material produced or provided by that Party, including Discovery Material designated as "CONFIDENTIAL." Nothing shall prevent disclosure beyond that permitted under the Protective Order if the producing Party consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure.

18. A Party may refer to and use "CONFIDENTIAL" Discovery Material in pretrial conferences before the Court, at depositions, at evidentiary hearings, and at trial. The use of such material at evidentiary hearings and at trial may be addressed in subsequent orders prior to such hearings and in the final pretrial order. Any Party or attorney that reasonably believes that it will disclose Confidential Information in a hearing or any other public proceeding before the Court other than at evidentiary hearings and at trial shall so inform the Court and the producing Party in advance of actual disclosure insofar as possible. If the producing Party objects, the producing Party shall be entitled to ask the Court to decide what precautions, if any, are appropriate to protect the Confidential Information, including how exhibits designated as "CONFIDENTIAL" shall be filed to maintain their confidentiality.

19. Neither the termination of the Action nor the termination of employment of any person shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Protective Order.

20. This Protective Order shall not enlarge, narrow, or in any way affect the proper scope of discovery in the Action or any other action, nor shall this Protective Order imply that

Discovery Material designated as "CONFIDENTIAL" under the terms of this Protective Order is properly discoverable, relevant, or admissible in the Action or any other action.

21. The designation of Discovery Material as "CONFIDENTIAL" shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation.

22. Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

    a. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    b. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    c. Operate as an admission by any Party that any particular Discovery Material constitutes or contains Confidential Information.

    d. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Information, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Information = should be subject to the terms of this Protective Order;

    e. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    f. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any documents, testimony, or other evidence subject to this Protective Order;

9

g. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

h. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

23. This Protective Order has no effect upon, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a producing Party from disclosing its own Confidential Information; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as "CONFIDENTIAL" obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

24. The provisions of this Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Information, which burden remains on the Party that designates such Discovery Material or testimony as "CONFIDENTIAL".

25. The terms of this Protective Order shall survive and remain in effect after the termination of the Action. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Discovery Material designated as "CONFIDENTIAL," through inadvertence or otherwise, after the conclusion of the Action. The Court shall retain jurisdiction over the Parties to the Protective Order and any other person bound by the terms of the Protective Order (including non-parties designating Discovery Material as "CONFIDENTIAL") to enforce the terms thereof.

Respectfully submitted,

| | |
|---|---|
| */s/Daniel N. Abraham* | */s/ S. Peter Voudouris* |
| Daniel N. Abraham (0023457) | S. Peter Voudouris (0059957) |
| Colley Shroyer & Abraham Co., LPA | Rachel N. Byrnes (0097736) |
| 536 South High Street | Tucker Ellis LLP |
| Columbus, OH 43215 | 950 Main Avenue, Suite 1100 |
| Tel:   (614) 228-6453 | Cleveland, OH 44113-7213 |
| Fax:   (614) 228-7122 | Tel:   216.592.5000 |
| E-mail:   dabraham@csajustice.com | Fax:   216.592.5009 |
| | E-mail:   peter.voudouris@tuckerellis.com |
| | rachel.byrnes@tuckerellis.com |

*Attorney for Plaintiffs*

*Attorney for Defendant Smith & Nephew, Inc.*

**SO ORDERED**

Dated: 11-4-21

Hon. Walter H. Rice

11

# Exhibit 1

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DAVID SOUTH and<br>KELLY SOUTH,<br><br>            Plaintiffs,<br><br>v.<br><br>SMITH & NEPHEW, INC.<br>and JOHN DOE #1-5,<br><br>            Defendants. | Civil Case No. 3:21-cv-00172<br><br>Hon. Walter H. Rice<br><br>**ACKNOWLEDGMENT AND<br>AGREEMENT TO BE BOUND** |

    The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER in the above-captioned action dated _____ attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters related to the STIPULATED PROTECTIVE ORDER and that he/she understands that the terms of the STIPULATED PROTECTIVE ORDER obligate him/her to use documents designated as CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

    The undersigned acknowledges that violation of the STIPULATED PROTECTIVE ORDER may result in penalties for contempt of Court.

Dated: _____

_____
Signature

_____
Printed Name

5283167